IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

FREDERICK TAVERAS,

    Plaintiff,

vs.

HYATT CORPORATION,
a Foreign Profit Corporation, and
STAFF PRO WORKFORCE, LLC,
a/k/a STAFF PRO, LLC,
a Foreign Limited Liability Company,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

Plaintiff, FREDERICK TAVERAS, sues Defendants, STAFF PRO WORKFORCE, LLC, and HYATT CORPORATION, and shows:

### Jurisdiction and Venue

1.    This is a civil action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 215.

2.    The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 29 U.S.C. § 216(b).

3.    Venue is proper because Defendant HYATT CORPORATION, Plaintiff's former joint employer, maintains a place of business in this district.

4.    Venue is also proper because a substantial part of, if not all of, the events giving rise to the claim occurred in this district, as provided in 28 U.S.C. §1391(b)(2).

1

5. Plaintiff, at all relevant times in this Complaint, was a resident of Broward County, Florida.

6. Defendant, STAFF PRO WORKFORCE, LLC (hereinafter "STAFF PRO"), at all relevant times, was Plaintiff's employer as defined by 29 U.S.C. § 203(d), and is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. 203(s)(1)(A)(i) and (ii), and is a Foreign Limited Liability Company doing business in Broward County, Florida.

7. Defendant, HYATT CORPORATION (hereinafter "HYATT"), at all relevant times, was Plaintiff's employer as defined by 29 U.S.C. § 203(d), and is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. 203(s)(1)(A)(i) and (ii), and is a Foreign Profit Corporation doing business in Broward County, Florida.

8. Defendants STAFF PRO and HYATT both had the power to act directly and/or indirectly in the interest of each other in relation to TAVERAS, including having the ability to hire, fire, and promote TAVERAS.

9. As a consequence of the allegations contained in paragraph 8 above, Defendants STAFF PRO and HYATT shared Plaintiff's services, acted in the interest of one another, are not completely disassociated with respect to the Plaintiff's employment and therefore may be deemed to share control of Plaintiff. Thus, STAFF PRO and HYATT are Plaintiff's joint employers pursuant to 29 C.F.R. § 791.2.

**Common Allegations**

10. Plaintiff was employed with STAFF PRO, a staffing agency, from approximately December 2020 through on or about May 21, 2021, in the house keeping department in the Hyatt

Centric Las Olas location of HYATT in downtown Fort Lauderdale, with an hourly compensation of $11.50, plus overtime and other fringe benefits.

11. Throughout his employment with STAFF PRO, HYATT acted as Plaintiff's employer as defined by 29 C.F.R. § 791.2.

12. Specifically, HYATT had control over Plaintiff's employment opportunities, including having the ability to hire, fire, and promote Plaintiff.

13. At all relevant times the Plaintiff performed his job duties satisfactorily, if not in a superior manner.

14. Plaintiff regularly worked over 40 hours per week without receiving overtime all compensation for hours worked over 40.

15. Specifically, Plaintiff was required to sign a spreadsheet with the time he began work in the morning and the time he finished work at night.

16. Plaintiff was routinely paid hourly wages less than what his hours actually worked were as indicated on the sign in and sign out spreadsheets. Thus Plaintiff was routinely denied overtime wages and, in some instances, straight time wages.

17. Additionally, Defendants routinely automatically deducted lunch and other breaks from Plaintiff's hours worked, despite Plaintiff often, if not always, working straight through a day without taking any breaks.

18. On or about April 28, 2021, Plaintiff complained to STAFF PRO, through his attorney at the time, demanding payment of the overtime owed to him.

19. STAFF PRO responded that he was owed some overtime, but not as much as Plaintiff claimed, and stated that a check was mailed to Plaintiff.

20. Plaintiff never received a check.

21. As a result of Plaintiff's complaint about his overtime wages, Plaintiff was informed by Megan Bernat, a hotel manager for HYATT, that HYATT would like to give Plaintiff a promotion to manager, but due to his complaint of unpaid overtime, they could no longer offer him said promotion.

22. Due to the clear retaliation experienced by Plaintiff for having a promotion withdrawn due to his complaints and having experienced no appreciable change in Defendants' conduct with regard to the payment of his overtime, he felt he had no other choice but to resign from his position on or about May 21, 2021.

## Count I – Violation of FLSA – Overtime
## Against Defendant STAFF PRO

23. The Plaintiff hereby reasserts and realleges paragraphs 1 through 22 above and incorporates same into Count I.

24. Since December 2020 up to and including May 21, 2021, STAFF PRO willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Plaintiff, during his employment, worked in excess of 40 hours a week during several weeks of his employment, but was not compensated for all overtime hours at one and one-half times his regular rate.

25. Specifically, STAFF PRO would cut Plaintiff's overtime hours by manipulating the sign in and sign out system, reducing the hours apparently worked by Plaintiff. In this way, STAFF PRO shaved time off of Plaintiff's paychecks, thereby reducing the overtime wages received by Plaintiff.

26. The failure to pay overtime compensation to Plaintiff is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

27. Plaintiff is entitled, pursuant to 29 U.S.C. § 216(b), to recover from STAFF PRO:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, FREDERICK TAVERAS, prays that this court will grant judgment against STAFF PRO:

    a. awarding TAVERAS payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding TAVERAS an additional equal amount as liquidated damages;

    c. awarding TAVERAS his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

### Count II – Violation of FLSA – Overtime
### Against Defendant HYATT

28. The Plaintiff hereby reasserts and realleges paragraphs 1 through 22 above and incorporates same into Count II.

29. Since December 2020 up to and including May 21, 2021, HYATT willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically Plaintiff, during his employment, worked in excess of 40 hours a week

during several weeks of his employment, but was not compensated for all overtime hours at one and one-half times his regular rate.

30. Specifically, HYATT would cut Plaintiff's overtime hours by manipulating the sign in and sign out system, reducing the hours apparently worked by Plaintiff. In this way, HYATT shaved time off of Plaintiff's paychecks, thereby reducing the overtime wages received by Plaintiff.

31. The failure to pay overtime compensation to Plaintiff is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he neither was a bona fide executive, administrative or professional employee.

32. Plaintiff is entitled, pursuant to 29 U.S.C. § 216(b), to recover from HYATT:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, FREDERICK TAVERAS, prays that this court will grant judgment against HYATT:

    a. awarding TAVERAS payment of overtime compensation found by the court to be due to him under the Act;

    b. awarding TAVERAS an additional equal amount as liquidated damages;

    c. awarding TAVERAS his costs, including a reasonable attorney's fee; and

    d. granting such other and further relief as is just.

**Count III – Violation of FLSA – Retaliation and Constructive Discharge
Against Defendant STAFF PRO**

33. The Plaintiff hereby reasserts and realleges paragraphs 1 through 22 above and incorporates same into Count III.

34. STAFF PRO improperly manipulated Plaintiff's time records, therefore depriving him of straight time and overtime hours worked.

35. On or about April 28, 2021, Plaintiff complained to STAFF PRO, through his attorney, demanding payment of the overtime owed to him.

36. Due to his complaints, Plaintiff was told that he was no longer being considered for a promotion to manager.

37. On or about May 21, 2021, due to STAFF PRO's retaliation and the lack of payment of his overtime wages after Plaintiff requested same, Plaintiff felt he had no other choice but to resign, thereby resulting in a constructive discharge of Plaintiff.

38. STAFF PRO's actions as more particularly described above were directly related to and in response to Plaintiff's complaint about the illegal time manipulation and time shaving.

39. Plaintiff's complaint about his hours and pay constitute statutorily protected conduct under Section 215(a)(3) of the FLSA.

40. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

41. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from STAFF PRO:

    a. All lost wages that are due, including pre-judgment interest;

    b. As liquidated damages, an amount equal to lost wages;

    c. The costs of this action; and

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against STAFF PRO:

a. awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

b. awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

c. awarding Plaintiff his costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

### Count IV – Violation of FLSA – Retaliation and Constructive Discharge Against Defendant HYATT

42. The Plaintiff hereby reasserts and realleges paragraphs 1 through 22 above and incorporates same into Count IV.

43. HYATT improperly manipulated Plaintiff's time records, therefore depriving him of straight time and overtime hours worked.

44. On or about April 28, 2021, Plaintiff complained to HYATT, through his attorney, demanding payment of the overtime owed to him.

45. Due to his complaints, Plaintiff was told that he was no longer being considered for a promotion to manager.

46. On or about May 21, 2021, due to HYATT's retaliation and the lack of payment of his overtime wages after Plaintiff requested same, Plaintiff felt he had no other choice but to resign, thereby resulting in a constructive discharge of Plaintiff.

47. HYATT's actions as more particularly described above were directly related to and in response to Plaintiff's complaint about the illegal time manipulation and time shaving.

48. Plaintiff's complaint about his hours and pay constitute statutorily protected conduct under Section 215(a)(3) of the FLSA.

49. The conduct more specifically alleged above violated Plaintiff's rights against retaliation for opposing unlawful employment actions, which retaliation is proscribed by the FLSA.

50. Plaintiff is entitled pursuant to 29 U.S.C. § 216(b), to recover from HYATT:

   a. All lost wages that are due, including pre-judgment interest;

   b. As liquidated damages, an amount equal to lost wages;

   c. The costs of this action; and

   d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this court will grant judgment against HYATT:

   a. awarding Plaintiff all lost wages found by the court to be due to him, including pre-judgment interest;

   b. awarding Plaintiff payment of liquidated damages in an amount equal to the lost wages due to him;

   c. awarding Plaintiff his costs, including a reasonable attorney's fee; and

   d. granting such other and further relief as is just.

## **Demand for Jury Trial**

Plaintiff, FREDERICK TAVERAS, demands trial by jury on all issues so triable.


Dated: July 29, 2021
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for FREDERICK TAVERAS